**EXHIBIT - 1**

**IN THE SUPERIOR COURT OF KING COUNTY WASHINGTON**

| | |
|---|---|
| ALISON JOHNSON and RUSSELL JOHNSON, wife and husband and the marital community composed thereof,<br><br>Plaintiffs,<br><br>v.<br><br>GORDON R. SCOTT and JANE DOE SCOTT, husband and wife and the marital community composed thereof,<br><br>Defendants. | NO. 20-2-00502-9 SEA<br><br>COMPLAINT FOR DAMAGES |

COMES NOW Alison Johnson and Russell Johnson, by and through their attorney of record, Arthur D. Leritz of Adler Giersch PS, for cause of action for personal injuries against Gordon R. Scott and Jane Doe Scott, complain and allege as follows:

1.1 Alison Johnson and Russell Johnson are residents of Mountlake Terrace, King County, Washington.

II.

2.1 At all times relevant hereto, Gordon R. Scott and Jane Doe Scott are believed to be a marital community residing in Lasqueiti Island, British Columbia, Canada.

COMPLAINT FOR DAMAGES - 1

ADLER GIERSCH, P.S.
Attorneys at Law
333 Taylor Avenue North
Seattle, WA 98109
Tel (206) 682-0300
Fax (206) 224-0102

1  Each of the acts complained of herein were done for and on behalf of the community as well as for and on behalf of all individuals.

III.

3.1   All acts hereinafter alleged occurred within King County, State of Washington, and this Court has jurisdiction over this cause.

IV.

4.1   At all times hereinafter mentioned, State Route 2 near mile post 63.50 is located East of the City of Skykomish, King County, State of Washington.

4.2   On or about January 22, 2017, Plaintiffs Alison Johnson and Russell Johnson, along with family members, were traveling westbound on SR-2 in lane 1 in their 2013 Honda CRV. At that same time, a vehicle driven by Defendant Gordon R. Scott was traveling eastbound on SR-2 when he lost control of his vehicle, crossed over into the westbound lane of SR-2 and struck Plaintiffs' vehicle head on, spinning and again impacting with Plaintiffs' vehicle on the driver's side and passenger doors.



COMPLAINT FOR DAMAGES - 2

ADLER GIERSCH, P.S.
Attorneys at Law
333 Taylor Avenue North
Seattle, WA 98109
Tel (206) 682-0300
Fax (206) 224-0102

4.3   Defendant Gordon R. Scott operated his vehicle negligently and in violation of the Rules of the Road contained at RCW 46.61 *et seq.*, in that he failed to keep a safe and proper distance between his vehicle and the Plaintiffs vehicle; he failed to keep a proper lookout for oncoming vehicles; he was traveling too fast and did not have due regard for traffic and the road conditions upon the roadway at that point in time; he struck the Plaintiffs' vehicle head-on and down the driver's side; and drove a vehicle upon a public highway in such a manner so as to endanger or be likely to endanger another person or property thereby proximately causing this collision to occur.

4.4   Based on the facts herein above, Plaintiffs were not comparatively at fault for this collision or for their injuries and damages resulting therefrom, and are thus without fault or 0% at fault as that term is defined in RCW 4.22.015. As such, Defendants, and the marital community composed thereof and any applicable marital community associated with them are singularly (and/or jointly and severally) 100% at fault and liable for causing this collision as well as for the injuries and damages proximately resulting therefrom.

4.5   Defendants and their marital community are the only at fault entities or potentially at fault entities as that term is defined in RCW 4.22.015 for this collision. There are no non-party at fault entities who are at fault in any way or responsible in any percentage for this collision and the Plaintiff's injuries and damages resulting therefrom.

V.

5.1   As a direct and proximate result of the negligence of Defendants, Plaintiff Alison Johnson suffered serious and painful injuries to her person, as well as loss of enjoyment of life. By reason of the foregoing, Alison Johnson sustained general damages

COMPLAINT FOR DAMAGES - 3

ADLER GIERSCH, P.S.
Attorneys at Law
333 Taylor Avenue North
Seattle, WA 98109
Tel (206) 682-0300
Fax (206) 224-0102

in an amount to be proven at trial.

5.2    As a direct and proximate result of the negligence of Defendants, Plaintiff Alison Johnson was required to and did incur reasonable and necessary expenses in connection with the treatment of said personal injuries. By reason of the foregoing, she suffered special damages in an amount to be proven at trial.

5.3    As a direct and proximate result of the negligence of Defendants, Plaintiff Alison Johnson incurred loss of income and/or loss of earning capacity by reason of said personal injuries. By reason of the foregoing, Plaintiff Alison Johnson suffered special damages in an amount to be proven at trial.

5.4    As a direct and proximate result of the negligence of Defendants, Plaintiff Alison Johnson will incur future reasonable and necessary expenses in connection with the treatment of said personal injuries in an amount to be proven at trial.

5.5    As a direct and proximate result of the negligence of Defendants, Plaintiff Alison Johnson has suffered a loss of consortium by being deprived of services, comfort and society of Russell Johnson in an amount unknown, but which will be proven at the time of trial.

VI.

6.1    As a direct and proximate result of the negligence of Defendants, Plaintiff Russell Johnson suffered serious and painful injuries to his person, as well as loss of enjoyment of life. By reason of the foregoing, Russell Johnson sustained general damages in an amount to be proven at trial.

6.2    As a direct and proximate result of the negligence of Defendants, Plaintiff

COMPLAINT FOR DAMAGES - 4

ADLER GIERSCH, P.S.
Attorneys at Law
333 Taylor Avenue North
Seattle, WA 98109
Tel.(206) 682-0300
Fax (206) 224-0102

Russell Johnson was required to and did incur reasonable and necessary expenses in connection with the treatment of said personal injuries. By reason of the foregoing, Russell Johnson suffered special damages in an amount to be proven at trial.

6.3    As a direct and proximate result of the negligence of Defendants, Plaintiff Russell Johnson incurred loss of income and/or loss of earning capacity by reason of said personal injuries. By reason of the foregoing, Russell Johnson suffered special damages in an amount to be proven at trial.

6.4    As a direct and proximate result of the negligence of Defendants, Plaintiff Russell Johnson will incur future reasonable and necessary expenses in connection with the treatment of said personal injuries in an amount to be proven at trial.

6.5    As a direct and proximate result of the negligence of Defendants, Plaintiff Russell Johnson will incur future loss of income and/or loss of earning capacity by reason of said personal injuries in an amount to be proven at trial.

6.6    As a direct and proximate result of the negligence of Defendants, Plaintiff Russell Johnson has suffered a loss of consortium by being deprived of services, comfort and society of Alison Johnson in an amount unknown, but which will be proven at the time of trial.

VII.

7.1    Pursuant to RCW 5.60.060(4) and the provisions of the Uniform Health Care Information Act, RCW 42.17 and RCW Chapter 70, the Plaintiffs waive the physician/patient privilege 90 days from the date this complaint was filed, to the extent

COMPLAINT FOR DAMAGES - 5

ADLER GIERSCH, P.S.
Attorneys at Law
333 Taylor Avenue North
Seattle, WA 98109
Tel (206) 682-0300
Fax (206) 224-0102

necessary to place any and all alleged damages at issue at the time of trial, and as might be required by any act or statute or case law interpreting the same in the State of Washington. In doing so, Plaintiffs do not waive their right to seek a protective order or otherwise oppose objectionable medical discovery. Plaintiffs' waiver is further conditioned and limited as follows:

    a.    The Plaintiffs do not waive their constitutional right of privacy;

    b.    The Plaintiffs do not authorize the Defendant's representative to contact their health care providers without notice to counsel, after which they may only be contacted in a manner with complies with the Uniform Health Care Information Act and HIPAA, in proceedings further authorized by the Rules of Civil Procedure subject to any provisions which may be established by this court.

VIII.

Wherefore, Plaintiffs requests judgment against the Defendants as follows:

8.1    For general damages already incurred and future general damages, in an amount now unknown, which will be proven at the time of trial;

8.2    For medical and other treatment expenses incurred and for future medical expenses and other treatment expenses and other costs, in an amount now unknown, which will be proven at the time of trial;

8.3    For past and future loss of earnings and/or earning capacity;

8.4    For damage to, loss of, or loss of use of Plaintiffs' personal property;

8.5    For damages for loss of consortium;

8.5    For additional travel expenses;

COMPLAINT FOR DAMAGES - 6

ADLER GIERSCH, P.S.
Attorneys at Law
333 Taylor Avenue North
Seattle, WA 98109
Tel (206) 682-0300
Fax (206) 224-0102

8.6 For reasonable attorney's fees and costs incurred herein;

8.7 For prejudgment interest; and

8.9 For such other and further relief as this Court may deem just and equitable in this cause.

Dated this 6th day of January, 2020.

ADLER GIERSCH PS

s/Arthur D. Leritz
WSBA No.: 29344
Adler Giersch ps
333 Taylor Ave North
Seattle, WA 98109
Telephone: (206) 682-0300
Fax: (206) 224-0102
aleritz@adlergiersch.com

COMPLAINT FOR DAMAGES - 7

ADLER GIERSCH, P.S.
Attorneys at Law
333 Taylor Avenue North
Seattle, WA 98109
Tel (206) 682-0300
Fax (206) 224-0102